IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BRUNSON ROBERTS
ADC # 127841                                                                                          PLAINTIFF

v.                                      2:07CV00022 SWW/HDY

RAY HOBBS *et al.*                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
         Judge (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff , who currently has three other pending 42 U.S.C. § 1983 cases, as well as a recently dismissed *habeas corpus* action, has now filed the instant cause of action alleging, among other claims, that the actions of the named Defendants have resulted in a denial of access to the courts for Plaintiff in these four federal cases.  Having carefully reviewed Plaintiff's Complaint,  pursuant to 28 U.S.C. § 1915A(a), as well as the procedural posture of each of these four cases at issue, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

### I.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.  § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claims

Plaintiff alleges that he began having problems with the sending and receipt of mail at the prison on or about February 24, 2006, which was shortly after Plaintiff was placed in punitive isolation for "dashing" an officer. *See Roberts v. Norris*, case no. 2:06CV00222 SWW/HDY, docket entry #2. He contends that prosecution of his federal court cases, specifically *Roberts v. Norris*, *supra*; *Roberts v. Norris*, 5:06CV00091 WRW, his *habeas* case; *Roberts v. Norris*, 2:06CV00140 JTR; and *Roberts v. Does*, 4:05CV0082 JMM, has been hampered by the actions of the Defendants in denying him access to the law library and failing to provide him with paper and envelopes.

### A. Access to Courts Claims

The Court will begin its analysis by reviewing the progress of these cases. In order to prevail on an access-to-courts claim, an inmate must show actual injury, that is: "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal

claim; demonstrate that a non-frivolous legal claim has been frustrated or was being impeded."

*Walton v. Toney*, 44 Fed. Appx. 49, 2002 WL 1941590 (8th Cir. August. 21, 2002)(*citing Lewis v. Casey*, 518 U.S. 343 (1996)).  *See also Holleran v. Baker*, 109 Fed.Appx. 830, Slip Copy, 2004 WL 2165357 (8th Cir. Sept. 15, 2004), *citing Lewis, supra.*

Only one of the Plaintiff's federal court cases has actually been disposed of by dismissal: *Roberts v. Norris*, 5:06CV00091 WRW.   Plaintiff here filed a petition for writ of *habeas corpus*. An Answer was filed on behalf of the Respondent, and Plaintiff sought, and was granted, an extension of time in which to file his Reply.  *See* docket entry #15, granting Plaintiff sixty days in which to submit his Reply.  After Plaintiff filed his Reply, the Magistrate Judge submitted a Report and Recommendation that recommended the dismissal of Plaintiff's *habeas* petition, on the grounds that Plaintiff had failed to timely file his petition in January of 2006.  This is, obviously, before any alleged problems with the receipt of mail occurred in February of 2006, and so therefore the issues alleged in this cause of action cannot be the cause of the untimeliness of the petition.  Plaintiff then sought, and received, an extension of time of one month in which to submit his objections to this Recommendation.  Plaintiff did not actually submit his objections until almost one week after that due date, but, according to the Order entered by the district judge on January 5, 2007 (docket entry #34), Plaintiff's objections were "carefully reviewed."  Notwithstanding Plaintiff's objections, the district court adopted the Recommendations and dismissed Plaintiff's petition.  Since that time, Plaintiff has sought, and been granted, an extension of time in which to file his Certificate of Probable Cause seeking a Certificate of Appealability of the denial of *habeas* relief.  See docket entries ## 40-41.

Clearly, Plaintiff has not been prejudiced in the prosecution of this case, because the docket

4

entries show no actual injury to Plaintiff that could possibly have been occasioned by a delay in mail or limited access to legal materials. Each and every request for extensions of time was granted, and the relief requested was denied because of actions (or inactions) on the part of the Plaintiff that occurred long before the alleged violations complained of in the instant cause of action. Therefore, Plaintiff has stated no claim as to constitutional violations related to this federal case.

Plaintiff's other pending cases allege constitutional violations pursuant to 42 U.S.C. § 1983. *Roberts v. Does*, 4:05CV00082 JMM was filed on January 24, 2005. And, while certain claims made under the RICO act were dismissed, the bulk of the case remains pending at this time. In fact, no activity occurred in this case at all from December 28, 2005 until July 5, 2006, and to date no hearing has been held nor any action prejudicial to the Plaintiff has occurred. Therefore, Plaintiff has stated no claim as to constitutional violations related to this case either.

*Roberts v. Norris*, 2:06CV00140 JTR was filed pursuant to 42 U.S.C. § 1983 on May 30, 2006, long after Plaintiff's alleged problems with the mail service began. In this action Plaintiff has made several requests for extension of time in which to file pleadings, and each of those requests has been granted. Plaintiff has timely filed the appropriate responses, and they have been considered by the court in each instance, and, now, Plaintiff has been appointed counsel to represent him. Clearly, Plaintiff has suffered no injury in this case due to the allegations raised in the instant Complaint.

Lastly, Plaintiff has filed *Roberts v. Norris*, 2:06CV00222 SWW/HDY, which asserts some of the same claims alleged in the instant Complaint. A partial recommended disposition is pending in that action, and Plaintiff has sought, and been granted, an extension of time in which to object to that recommendation. Plaintiff has now timely filed those objections. In any event, this cause of action was filed on November 16, 2006, well after the time of the problems alleged by Plaintiff in

the instant Complaint, and, again, Plaintiff has sustained no actual injury as a result of any constitutional violations with regard to his prosecution of this case.

## B.  Interference with Mail Claims

The same is true for Plaintiff's claim against Defendant McAlister, the mailroom supervisor for the East Arkansas Regional Unit.  Plaintiff charges that this Defendant opened a piece of Plaintiff's "legal mail" on September 26, 2006, and wrote on the envelope that it was "opened by mistake."  However, Plaintiff has not alleged any harm that came to him as a result of this mistaken opening of his mail.  Privileged prisoner mail is mail to or from an inmate's attorney and identified as such.  *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981); *citing Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974).  Mail to or from a court, such as this appears to be from the copy of the envelope supplied by Plaintiff as an attachment to his request for injunctive relief (docket entry #3) is not privileged confidential mail such as is protected by the rules Plaintiff cites.  Court pleadings are public record and not subject to the same confidentiality as applies to privileged communications between a lawyer and his client.

Even if Plaintiff has had an isolated instance of legal mail that has been delayed, such an occurrence, without evidence of improper motive or resulting interference with Plaintiff's right to counsel or access to the courts, does not give rise to a constitutional violation. *Gardner v. Howard*, 109 F.3d 427 (8th Cir.1997).   Plaintiff also contends that his mail is being "held" in the mailroom by Defendant McAlister, "giving Plaintiff less time to litigate his cases" and causing him to "miss statutory deadlines."  However, as reviewed above, assuming for the sake of argument that Plaintiff's mail has been delayed, he has suffered no prejudice from any delay in receiving his mail.  To the extent that Plaintiff is trying to allege denial of access to the courts, his claim fails because he has

6

not alleged any injury or prejudice, which is required to prevail on such a claim. *Kind v. Frank*, 329 F.3d 979 (8th Cir.2003). The record is devoid of any evidence to show Plaintiff lost a specific claim in a legal proceeding as a result of Defendants' alleged interference. Thus, his claim with respect to the alleged interference with his legal mail should be dismissed. In none of Plaintiff's cases has he suffered any actual injury as is required to amount to a constitutional violation.

As to his contentions regarding delay in receipt of his personal mail[1], this Court has previously held that there is no section 1983 liability for brief, sporadic, non content-based mail delays, citing *Rowe v. Shake*, 196 F. 3d 778 (7th Cir. 1999). In *Rowe*, that Plaintiff alleged that thirty-four items of personal mail were delayed from as few as two days to as many as twenty-six days. In *Rowe*, the Seventh Circuit Court of Appeals cited the Supreme Court's recognition that prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989). However, because Rowe alleged that the conduct of individual defendants interfered with the timely receipt of incoming mail, not that prison regulations governing incoming mail were unconstitutional, Rowe's claims were "legally insufficient to state a First Amendment claim."

> "[W]e want to emphasize that merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded on the First Amendment."

*Id.* at 782.

---

[1] Per these and other pleadings, it appears that Plaintiff has been on punitive isolation status since at least February of 2006. Inmates in punitive do not receive their general correspondence until they go on 48 hour relief. Their general mail is considered among their personal effects to which they are not entitled during punitive, which may also serve to explain a perceived delay in the receipt of personal mail. *Holloway v. Pigman*, 884 F2d 365 (8th Cir. 1989)

7

The Court finds that Plaintiff's allegations, considered in light of the *Rowe* decision, fail to state a cognizable cause of action.  Plaintiff was not denied his mail; he has not alleged that his mail was never received, nor that it was deliberately mishandled or destroyed.  Furthermore, as Plaintiff has plainly stated, this was *personal* mail, not legal mail, which is entitled to much less scrutiny by the Court.  Plaintiff has alleged that Defendant McAlister sought to retaliate against him for exercising his constitutional right to access the Courts and file grievances.  However, Plaintiff has stated no basis for his claim that this Defendant sought to retaliate against him for any lawsuits to which he was not a party, nor has contended that these actions were at the direction of officials who were parties to previous litigation.  Furthermore, even if Plaintiff had alleged a injury to himself occasioned by the delay in receipt of personal mail, this would amount only to a state tort claim (at best) for failure to perform a duty, not a § 1983 claim.  *See e.g.*, *Thompson v. Steele*, 709 F. 2d 381 (5th Cir. 1983), *cert. denied* 464 U.S. 897 (1983).

### C.  Claim against Defendant Jackson

Lastly, Plaintiff has named as a Defendant Moses Jackson, a captain at the East Arkansas Regional Unit, claiming that he has denied Plaintiff his personal property, including legal materials, during Plaintiff's 48-hour respite relief from punitive isolation.  This is the same claim that Plaintiff has asserted in *Roberts v. Norris*, 2:06CV00222 SWW/HDY, which is currently pending before the Court.  Plaintiff cannot again assert those same claims in another cause of action.  Therefore, Defendant Jackson should be dismissed as a party Defendant in this duplicative case.

### D.  Pending Motions

In addition to the screening outlined above, Plaintiff has filed a Motion which seeks preliminary injunctive relief in the form of a transfer from the East Arkansas Regional Unit.  In

considering whether to grant a preliminary injunction, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc*., 640 F.2d 109 (8th Cir. 1981) (*en banc*). While no single factor is dispositive, the movant must establish a threat of irreparable injury. *Id*. at 113. Absent a showing of real or immediate threat, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

For all the reasons outlined above showing that Plaintiff has failed to state a claim for a constitutional violation, he is similarly not entitled to injunctive relief for these allegations. Therefore, the undersigned recommends that Plaintiff's request for injunctive relief be DENIED.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that:

1.  Plaintiff's Complaint (docket entry #1) be DISMISSED with prejudice; and

2.  Plaintiff's Motion for a Preliminary Injunction (docket entry #2) should be DENIED.

DATED this _2_ day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE